**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4850**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSEPH J. MARAK,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:10-cr-00332-H-1)

Submitted:  June 29, 2012          Decided:  July 19, 2012

Before DAVIS, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Joseph Marak of one count of extortion under color of official right, in violation of 18 U.S.C. § 1951 (2006) (Count One); and seventeen counts of bribery by a public official, in violation of 18 U.S.C. § 201(b)(2) (2006) (Counts Two through Eighteen).[*] The district court sentenced Marak to seventy-two months of imprisonment, and he appeals. Finding no error, we affirm.

Marak first challenges the sufficiency of evidence supporting his convictions. We review challenges to the sufficiency of evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir.), cert. denied, 131 S. Ct. 617 (2010). We are obliged to sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). Substantial evidence in the context of a criminal action is evidence that a reasonable finder of fact could accept as adequate and sufficient to

---

[*] The jury also convicted Marak of sixteen counts of bribery by corruptly accepting payments for performing an official act, in violation of 18 U.S.C. § 201(c)(1)(B) (2006) (Counts Nineteen through Thirty-five). The district court set aside these convictions on the basis of Ball v. United States, 470 U.S. 856, 865 (1985), which holds in a case involving duplicitous convictions that "the second conviction, even if it results in no greater sentence, is an impermissible punishment."

support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

A defendant bringing a sufficiency challenge bears a "heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). In evaluating the sufficiency of evidence, we do not review the credibility of witnesses, and we assume the jury resolved all contradictions in the testimony in favor of the Government. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). "Reversal for insufficient evidence is reserved for the rare case 'where the prosecution's failure is clear.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

The Hobbs Act, 18 U.S.C. § 1951(a), makes it a crime to commit robbery or extortion to obstruct, delay, or affect commerce or the movement of any commodity in commerce. "A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003).

In order to convict Marak for a violation of 18 U.S.C. § 201(b)(2)(C), the Government was required to prove: (1) Marak was a public official of the United States, (2) Marak directly or indirectly demanded, sought, received, accepted, or agreed to

receive or accept something of value, and (3) Marak did so corruptly in return for being induced to do or omit to do any act in violation of his official duty. We have reviewed the record and conclude that the evidence was sufficient to support Marak's convictions.

Marak also challenges his sentence. He asserts that the district court erred in calculating the loss involved in his offense under U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(1)(G), which provides for a 12-level enhancement for a loss of more than $200,000 but less than $400,000. The district court's factual determinations that underlie its calculation of loss must stand absent clear error. Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003). And, "only a preponderance of the evidence need support these factual findings." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). Further, "[t]he court need only make a reasonable estimate of the loss," and its loss determination "is entitled to appropriate deference," given its unparalleled access to the pertinent facts. USSG § 2B1.1, cmt. n.3(C).

We have thoroughly reviewed Marak's challenges to the district court's loss calculation and are persuaded that the district court made a reasonable estimate of the loss in this case.

Accordingly, we affirm Marak's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument will not aid the decisional process.

AFFIRMED